**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

CHAMBERS OF
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0801
FAX (410) 962-0820
MDDAMDChambers@mdd.uscourts.gov

August 7, 2006

MEMORANDUM TO COUNSEL RE:

Glaxo Group Limited v. Leavitt
Civil No. AMD 06-469

    I have carefully reviewed the briefing on the pending motions and have elected to rule preliminarily in this informal manner.

    As to the motion for execution on bond, for the reasons to be detailed in a subsequent order, the motion is GRANTED. *Greewood County v. Duke Power Co.*, 107 F.2d 484 (4th Cir. 1932), is a puzzling case, to be sure, but I am persuaded that when the Fourth Circuit has the opportunity to elucidate its holding in that case, it is almost certain to retreat from any notion that execution on an injunction bond is to be equated with a malicious prosecution action. The court's discussion of *Greenwood County* in *Network International, LC v. Worldcom Tech., Inc*., 133 F.Supp.2d 713, 718 (D.Md. 2001), is interesting but is purely *dicta*, as the court applied Maryland law in that diversity case.

    In any event, I have no hesitation in concluding that even though Judge Bennett acted entirely reasonably in granting the motion for TRO on the bare record before him, and even though Glaxo acted wholly in good faith (in the face of the extended and inexplicable silence from the FDA as to the citizen petitions), the damage to Roxanne from the TRO is real and substantial. In the exercise of the informed discretion the law affords, I shall make an award.

    Glaxo is entitled to minimal discovery. Accordingly, on or before October 2, 2006, it may serve up to four interrogatories and four document requests on Roxane. In addition, it may conduct up to four hours of deposition. I am frank to say that Roxane's *prima facie* showing of damages in excess of the bond is compelling, but Glaxo is entitled to examine more closely the bases for the claim. Glaxo shall file a supplemental memorandum on or before October 21, 2006, to which Roxane shall respond on or before November 13, 2006. I shall rule on the papers thereafter.

    As to the motion for restitution, the motion is DENIED. This is based on virtually all of the grounds relied on by Glaxo, but I will detail such reasons in a subsequent order.[*]

Very truly yours,

/s/

Andre M. Davis
United States District Judge

---

[*] This Letter Order is interlocutory only, it being the court's intention not to enter a final, appealable, judgment until after the supplemental briefing mentioned in text.